

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DESMON ELIABA,**

    Petitioner,

v.      Civil Action No. **3:15CV376**

**HAROLD CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Desmon Eliaba, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court for the County of Gloucester, Virginia ("Circuit Court"). Respondent moves to dismiss on the ground that, *inter alia*, the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Eliaba has responded. (ECF No. 18.) For the reasons set forth below, the Motion to Dismiss (ECF No. 12) will be GRANTED.

## I. PERTINENT PROCEDURAL HISTORY

On November 14, 2011, Eliaba was found guilty of three counts of breaking and entering a residence to commit grand larceny, and three counts of grand larceny, and was sentenced to an active sentence of twelve years. *Commonwealth v. Eliaba*, Nos. CR11000216-00, CR11000217-00, CR11000220-00 through CR11000222-00, at 1-2 (Va. Cir. Ct. Mar. 9, 2012); *Commonwealth v. Eliaba*, No. CR11000223-00, at 1 (Va. Cir. Ct. Mar. 20, 2012). On March 9 and 20, 2012, the Circuit Court entered final judgment. *Eliaba*, Nos. CR11000216-00, CR11000217-00, CR11000220-00 through CR11000222-00, at 3; *Eliaba*, No. CR11000223-00,

at 3. Eliaba appealed. On March 20, 2013, the Supreme Court of Virginia refused Eliaba's petition for appeal. *Eliaba v. Commonwealth*, No. 121845, at 1 (Va. Mar. 20, 2013).

On March 28, 2014,[1] Eliaba filed a petition for a writ of habeas corpus with the Circuit Court. *See Eliaba v. Clarke*, No. CL14-118, at 2 (Va. Cir. Ct. May 20, 2014). In it, Eliaba raised the following claims for relief:

> A. The trial court committed plain error when conducting the joinder of offenses involving petitioner and co-defendant where there was no prior motion submitted by the Commonwealth.
>
> B. Defense counsel was ineffective for failing to request separate trials for petitioner and co-defendant.
>
> C. The evidence adduced at trial was insufficient as a matter of law and fact to convict petitioner of the charged offenses.

*See id.* at 2 (capitalization corrected). On May 20, 2014, the Circuit Court dismissed Eliaba's petition. *Id.* at 5. Specifically, the Circuit Court found that Eliaba's petition was "time-barred under Virginia Code § 8.01-654(A)(2)." *Id.* at 2. Eliaba did not appeal the Circuit Court's

---

[1] Eliaba contends that his state petition was filed on March 19, 2014, when Eliaba placed it in the prison mailing system for mailing to the Circuit Court. (Br. Supp. § 2254 Pet. 5, ECF No. 2 (as paginated by CM/ECF).) The Circuit Court returned Eliaba's state petition to him on March 21, 2014, because the accompanying *in forma pauperis* affidavit needed to be notarized. (Br. Supp. Mot. Dismiss 4-5, ECF No. 14.); *see also* Va. Code Ann. § 8.01-655(B) (West 2016) (requiring that the petitioner's signature, on both the habeas petition and *in forma pauperis* application, be notarized). Eliaba notarized the *in forma pauperis* application on March 28, 2014. Petition for Writ of Habeas Corpus at 24, *Eliaba v. Clarke*, No. CL14-118 (Va. Cir. Ct. filed Mar. 28, 2014). Thus, Eliaba's state habeas petition was not considered filed until March 28, 2014. *See* Va. Code Ann. § 8.01-655(B) (noting that "[t]he petition will not be filed without prepayment of court costs unless the petitioner is entitled to proceed in forma pauperis and has *executed* the affidavit in forma pauperis" (emphasis added)); *see also Visikides v. Dir., Dep't of Corr.*, No. 1:11CV1233 (JCC/TRJ), 2012 WL 3026232, at *2 (E.D. Va. July 23, 2012) (rejecting petitioner's argument that his state petition was filed on January 28, 2011, because that petition "was not 'properly filed' under Virginia law, as it did not substantially comply with the form requirements of Virginia Code § 8.01-655, and petitioner did not submit the full filing fee"); *Parker v. Johnson*, No. 2:09CV84, 2009 WL 3254469, at *2 (E.D. Va. Oct. 8, 2009) (noting that state habeas petition was not properly filed until January 25, 2008 because, when counsel attempted to file the petition on November 15, 2007, it "was not sworn to by Petitioner as required by Virginia Code § 8.01-655").

decision to the Supreme Court of Virginia. (*See* § 2254 Pet. 5; Br. Supp. Mot. Dismiss 2, ECF No. 14.)

On or about June 14, 2015, Eliaba filed his § 2254 Petition in this Court.[2] (§ 2254 Pet. 15.) In his § 2254 Petition, Eliaba asserts the following claims for relief:

| | |
|---|---|
| Claim One | "The Circuit Court erred when determining the habeas petition was untimely. The petition was placed in the prison internal mailing system prior to the deadline by which to file." (§ 2254 Pet. 6.)[3] |
| Claim Two | "The state courts committed error when refusing to hear Petitioner's appeal of trial court denial of habeas relief. Petitioner did not receive order of Circuit Court dismissal until after filing motion for disposition of case and notice of intended writ of mandamus." (*Id.* at 7.) |
| Claim Three | "The trial court committed plain error when conducting the joinder of offenses involving Petitioner and co-defendant where there was no prior motion submitted by the Commonwealth." (*Id.* at 9.) |
| Claim Four | "Defense counsel was ineffective for failing to request separate trials for Petitioner and co-defendant." (*Id.* at 10.) |
| Claim Five | "The evidence adduced at trial was insufficient as a matter of law and fact to convict Petitioner of the charged offenses." (*Id.* at 12.) |

Eliaba's first two claims do not provide any basis for federal habeas relief. "[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (citing cases). This is so because Eliaba is detained as a result of the underlying state conviction, not the state collateral proceeding. *See Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008). Accordingly, Claims One and Two will be DISMISSED.

---

[2] This is the date that Eliaba states he placed his § 2254 Petition in the prison mailing system for mailing to this Court. The Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] The Court corrects the capitalization, emphasis, spelling, and punctuation in quotations from Eliaba's submissions.

3

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Eliaba's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   - (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   - (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   - (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

The Supreme Court of Virginia refused Eliaba's petition for appeal on March 20, 2013. Eliaba's convictions became final on Tuesday, June 18, 2013, when the time to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-

year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari should be filed within ninety days of entry of judgment by the state court of last resort or of the order denying discretionary review). The limitation period began to run on June 19, 2013, and 282 days of the limitation period elapsed before Eliaba filed his state petition for a writ of habeas corpus on March 28, 2014.

### C. No Entitlement to Statutory Tolling

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted) (citations omitted).

The Circuit Court dismissed Eliaba's state habeas petition as untimely filed. *Eliaba v. Clarke*, No. CL14-118, at 2 (Va. Cir. Ct. May 20, 2014). A petition that is denied by a state court as untimely is not "properly filed" within the meaning of the AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (citation omitted) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."). Because Eliaba's state habeas petition was not properly filed, Eliaba lacks entitlement to statutory tolling for the period during which he pursued his untimely state habeas petition in the Circuit Court.

Accordingly, the limitation period began to run on June 19, 2013, and Eliaba had until June 19, 2014 to file his § 2254 Petition. Eliaba failed to file his federal habeas petition until June 14, 2015, nearly a year after the limitation period expired. Therefore, the action is barred by the statute of limitations unless Eliaba demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C § 2244(d)(1)(B)-(D) or some equitable exception to the limitation period. Eliaba argues entitlement to belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B) or equitable tolling.[4]

### D. State-Created Impediment in Violation of the Constitution

A claim for belated commencement due to State action "must satisfy a far higher bar than that for equitable tolling." *Saunders v. Clarke*, No. 3:11CV170, 2012 WL 689270, at *7 (E.D. Va. Mar. 2, 2012) (quoting *Leyva v. Yates*, No. CV 07-8116-PA, 2010 WL 2384933, at *3 (C.D. Cal. May 7, 2010)). To delay the running of the statute of limitations, § 2244(d)(1)(B) requires: (1) state action that both (2) violated the Constitution or laws of the United States and (3) prevented the prisoner from filing a habeas petition. *Ocon-Parada v. Young*, No. 3:09cv87, 2010 WL 2928590, at *2 (E.D. Va. July 23, 2010) (citing *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331-32 (11th Cir. 2008)). "[A] state-created impediment must, to animate the limitations-extending exception [of § 2244(d)(1)(B)], 'prevent' a prisoner from filing for federal habeas relief." *Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007). A court "should grant relief only where a petitioner is 'altogether prevented . . . from presenting his claims in *any* form, to *any* court.'" *Saunders*, 2012 WL 689270, at *7 (quoting *Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009)). Thus, a prisoner "must explain with specificity how any alleged deficiencies

---

[4] Neither Eliaba nor the record suggests any plausible basis for belated commencement under 28 U.S.C. § 2244(d)(1)(C) & (D).

actually hindered their efforts to pursue their claims within the statute of limitations." *Id.* (citing *Mayes v. Province*, 376 F. App'x 815, 816-17 (10th Cir. 2010)).

Eliaba asserts that he is entitled to belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B) because he did not receive notice of the Circuit Court's dismissal of his state habeas petition until April 13, 2015, almost one year after the petition was actually dismissed. (Br. Supp. § 2254 Pet. 6 (as paginated by CM/ECF).) Eliaba contends that for this reason, "the statute of limitations should not apply in the instant case because of [the Circuit Court's] failure to timely notify [Eliaba] of the denial of the habeas corpus petition." (*Id.* at 7.)

Even if the Circuit Court failed to timely notify Eliaba that his state habeas petition had been dismissed, Eliaba does not satisfy § 2244(d)(1)(B). First, Eliaba fails to identify any State action that violated the Constitution. Eliaba contends that "the failure to timely notify constitutes a state created impediment to appeal in direct violation of the Fifth and Fourteenth Amendments to the United States Constitution," (Br. Supp. § 2254 Pet. 7 (as paginated by CM/ECF)), but fails to explain how the provisions of these Amendments give him a right to appeal the denial of his state habeas petition.

Eliaba also fails to explain with specificity how the State prevented him from filing his § 2254 Petition. *See, e.g., Clarke v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (refusing to apply § 2244(d)(1)(B) where the petitioner "failed to explain why the documents held by the state were necessary to pursue his federal claim"). Here, it was Eliaba's own inaction that caused the late filing of his § 2254 Petition. Eliaba does not indicate that he made any effort to inquire about his state habeas petition between March 28, 2014, and April 13, 2015. Moreover, Eliaba could have filed a protective petition in federal court if he was concerned about the running of the federal statute of limitations. *See Piggott v. Kelly*, No. 3:11CV432, 2012 WL

3579613, at *4 n.9 (E.D. Va. Aug. 17, 2012) (citations omitted); *Ocon-Parada v. Young*, No. 3:09CV87, 2010 WL 2928590, at *3 n.10 (E.D. Va. July 23, 2010) (citing *Pace*, 544 U.S. at 416); *cf. Madden v. Thaler*, 521 F. App'x 316, 321 (5th Cir. 2013) (finding that the petitioner was not entitled to belated commencement under § 2244(d)(1)(B) because an appellate court's delay in issuing a mandate "did not prevent him from filing a timely protective federal petition and seeking a stay of the one-year limitations period" (citing *Gonzalez v. Thaler*, 132 S. Ct. 641, 655-56 (2012); *Pace*, 544 U.S. at 416-17; *Rhines v. Weber*, 544 U.S. 269, 278 (2005))); *Garcia v. Hansen*, No. 15-CV-00740-GPG, 2016 WL 559218, at *4 (D. Colo. Feb. 12, 2016) (citations omitted) (rejecting petitioner's allegation that his "lack of receipt of the 'mandate verifying the denial of the writ of cert.'" was a State-created impediment "that actually prevented him from filing [a § 2254 petition]"). Thus, Eliaba lacks entitlement to a belated commencement of the limitation period.

### E. Equitable Tolling

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

In his response to the Motion to Dismiss, Eliaba suggests that he is entitled to equitable tolling because he did not learn that the Circuit Court had dismissed his state habeas petition until April 13, 2015, after Eliaba filed a Motion for Disposition in the Circuit Court in March of

2015. (Br. Opp. Mot. Dismiss 6-7, ECF No. 18; *see* Resp't's Reply to Pet'r's Mot. for Disposition, *Eliaba v. Clarke*, No. CL14-118, at 1 (Va. Cir. Ct. filed Mar. 30, 2015).)

Lack of knowledge of a court's decision may provide a basis for equitable tolling when the inmate acts diligently to seek information about his case. *Ostrander v. Dir., Va. Dep't of Corr.*, No. 3:13cv634, 2014 WL 2170067, at *4 (E.D. Va. May 23, 2014) (citing *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000)). "[C]ourts have generally determined that a prisoner who delayed fewer than ten months [after filing a state petition] before inquiring into the status of his case acted with sufficient diligence." *Fue v. Biter*, 810 F.3d 1114, 1117 (9th Cir. 2016) (citing *Diaz v. Kelly*, 515 F.3d 149, 155-56 (2d Cir. 2008) (nine months); *Miller v. Collins*, 305 F.3d 491, 495-96 (6th Cir. 2002) (nine months)); *Phillips*, 216 F.3d at 511 (four months). However, the United States Court of Appeals for the Fifth Circuit has held that an inmate who waited eleven months before inquiring as to the status of his state habeas petition also acted with sufficient diligence. *Hardy v. Quarterman*, 577 F.3d 596, 599 (5th Cir. 2009). In contrast, courts have determined that delays of fourteen months or more do not demonstrate sufficient diligence to warrant equitable tolling. *See Fue*, 810 F.3d at 1117 (fourteen months); (citing *LaCava v. Kyler*, 308 F.3d 271, 277 (3d Cir. 2005) (twenty-one months); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (nearly two years); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1288 (11th Cir. 2002) (sixteen months), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). *But see Knight*, 292 F.3d at 710-11 (finding that period of approximately twenty-one months was reasonable because the Georgia Supreme Court had personally notified petitioner that he would receive notice once a decision was issued, and, after a year had passed, petitioner contacted the clerk seeking information about the status of his case).

Here, Eliaba filed his state habeas petition on March 28, 2014. *See Eliaba v. Clarke*, No. CL14-118, at 2 (Va. Cir. Ct. May 20, 2014). He waited approximately one year from the date he filed his state habeas petition to inquire about its status. (Br. Opp. Mot. Dismiss 6-7; *see* Respondent's Reply to Petitioner's Motion for Disposition, *Eliaba*, No. CL14-118, at 1. By waiting approximately one year after filing to inquire about the status of his state habeas petition, Eliaba has failed to demonstrate the requisite diligence for equitable tolling. *Cf. Cruz v. Small*, 44 F. App'x 792, 793-94 (9th Cir. 2002) (finding that petitioner who waited "over a year to inquire about his petition for review [to the California Supreme Court], then wait[ed] almost another year to file his section 2254 petition" was not entitled to equitable tolling).

In any event, "the availability of equitable relief commends a flexible, case-by-case approach." *Fue*, 810 F.3d at 1117. The facts present here suggest that Eliaba's decision to wait approximately one year before inquiring as to the status of his state habeas petition was unreasonable. On April 28, 2014, Eliaba was notified that a final order would be submitted to the Circuit Court on or about May 12, 2014. Respondent's Reply to Petitioner's Motion for Disposition, *Eliaba*, No. CL14-118, at 1.[5] On May 13, 2014, Eliaba was notified again that a final order was being submitted to the Circuit Court. *Id.* at 2. Therefore, Eliaba was put on notice that he should expect to receive a final order in May of 2014. Nevertheless, Eliaba waited approximately ten months after receiving notice that a final order would be forthcoming to inquire about the status of his state habeas petition. Eliaba has provided no explanation for why he "sat on his hands and did not bother to inquire into the status of his petition," even after being informed that a final order would soon be forthcoming. *Fue*, 810 F.3d at 1119; *cf. Stroman v. Thaler*, 603 F.3d 299, 301-03 (5th Cir. 2010) (holding that petitioner who waited an additional

---

[5] The record reflects that Eliaba received this correspondence because he filed a reply to the respondent's motion to dismiss the habeas petition, which was received by the Circuit Court on May 14, 2014. (*See* Br. Opp. Resp't's Mot. Dismiss at 2, ECF No. 18.)

eighteen months to inquire again about status of habeas case, after being informed that it was still pending, not entitled to equitable tolling). "Simply put, [Eliaba] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011).

Because Eliaba fails to demonstrate entitlement to belated commencement or equitable tolling, the statute of limitation bars his § 2254 Petition.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 12) will be GRANTED. Eliaba's claims will be DISMISSED, and his § 2254 Petition will be DENIED. The action will be DISMISSED. The Court will deny a certificate of appealability.

An appropriate Final Order shall issue.

/s/
Roderick C. Young
United States Magistrate Judge

Date: September 7, 2016
Richmond, Virginia